ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

         -v.-                            :        **SEALED INDICTMENT**

STEVEN KIMMEL,                              :
ANTHONY GUARINO,                                       10 Cr.
WILLIAM DICK,                               **10 CRIM     476**
LANCE BARBARINO,                            :
GABRIEL ALMANDI,                            :
CIRO COZZOLINO,                             :
ISAAC DAVIS,                                :
SALVATORE GUARINO,
PETER SHARPE,                               :
JAMIL FULLER,                               :   USDC SDNY
WILLIAM ROTHLEIN,                           :   DOCUMENT
CHRISTOPHER SAVINO, and                         ELECTRONICALLY FILED
ALEX LEMBERG,                                   DOC #: _____
                                                DATE FILED: 6/2/10
        Defendants.                        :
- - - - - - - - - - - - - - - - - - - - x

## COUNT ONE
### (Conspiracy to Commit Securities Fraud)

        The Grand Jury charges:

### Relevant Persons and Entities

        1.   At all times relevant to this Indictment, Realcast
Corporation ("Realcast") was a corporation organized under the
laws of the State of Florida.  Realcast operated out of offices
located at 10800 Biscayne Boulevard, Suite 510, Miami, Florida.
Realcast claims that it "was organized in 1999 for the purpose of
providing Live Broadcasting and Video on Demand over the
Internet."

        2.   At all times relevant to this Indictment, Powercom
Energy Services Corp., and Empire Energy Services Corp.

(collectively, "Powercom/Empire") were entities listed as the owners of various bank accounts for a business located at 260 West 36th Street, Suite 604, New York, New York. Powercom/Empire is a business which sells securities in various companies to investors in the United States and abroad. The offices of Powercom/Empire consist largely of a bullpen-style room where various telephones are present for employees to make calls to potential investors.

3.    At all times relevant to this Indictment, BBC Gaming, Inc. ("BBC Gaming") purported to be a New York corporation with its principle office located at 244 Fifth Avenue, Suite F229, New York, New York. BBC Gaming claims to be an online gaming company.

4.    From in or about 2000 up to and including the date of this Indictment, STEVEN KIMMEL, the defendant, was the founder, President and Chief Executive Officer of Realcast. In various documents issued by Realcast, KIMMEL's biographical information includes the fact that KIMMEL formerly was employed by the Securities and Exchange Commission.

5.    From in or about 2002 up to and including the date of this Indictment, ANTHONY GUARINO, the defendant, was responsible for the day-to-day operations and management of Powercom/Empire (and its predecessors). Throughout such period, GUARINO oversaw and supervised numerous individuals working at

2

Powercom/Empire, including WILLIAM DICK, LANCE BARBARINO, GABRIEL ALMANDI, CIRO COZZOLINO, ISAAC DAVIS, SALVATORE GUARINO, PETER SHARPE, JAMIL FULLER, and WILLIAM ROTHLEIN, the defendants, who would solicit investments from investors, many of whom were elderly, through the use of false and fraudulent statements and representations of material facts, and through omissions of material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

6.   From in or about 2009 up to and including the date of this Indictment, ALEX LEMBERG, the defendant, was the Chief Executive Officer and President of BBC Gaming.  From in or about 2004, CHRISTOPHER SAVINO, the defendant, claimed to operate a company which solicited investments through Powercom/Empire.

## THE SCHEME TO DEFRAUD

7.   As set forth below, from in or about 2000 up to and including the date of this Indictment, STEVEN KIMMEL, ANTHONY GUARINO, WILLIAM DICK, LANCE BARBARINO, GABRIEL ALMANDI, CIRO COZZOLINO, ISAAC DAVIS, SALVATORE GUARINO, PETER SHARPE, JAMIL FULLER, WILLIAM ROTHLEIN, CHRISTOPHER SAVINO, and ALEX LEMBERG, the defendants, and others known and unknown, engaged in a scheme to defraud one and more investors by inducing dozens of investors to purchase in excess of $12 million in stock in Realcast, BBC Gaming and other companies, through solicitations made over the

telephone and through the mail, which were based on false and
fraudulent statements and representations of material facts, and
through omissions of material facts necessary in order to make
the statements made, in the light of the circumstances under
which they were made, not misleading.

8.   Beginning in or about 2000 and continuing up to
and including the date of this Indictment, Realcast has sold
shares of common and preferred stock to raise capital for the
business.  During that time period, investors have paid at least
approximately $12,000,000 to purchase shares of stock issued by
Realcast.  In connection with those issuances, Realcast
distributed various offering documents to potential investors.
Those offering documents made numerous material representations
regarding Realcast's business and its effort to raise capital,
including the following:

(a)   In Realcast's "Private Offering Memoranda," dated
November 2000, Realcast claimed the following in connection with
its offering: "While the Company intends to sell the Shares
offered hereby through its executive officers and directors, the
Company also reserves the right to retain one or more broker-
dealers registered with the National Association of Securities
Dealers, Inc. ('NASD') as selling agents . . . to effect offers
and sales of Shares and will pay up to an aggregate ten percent
(10%) cash commission . . . to such broker dealers."

4

(b)   In Realcast's "Private Offering Memoranda," dated January 16, 2004, Realcast claimed the following in connection with its offering: "The Company is seeking to sell the Shares directly to investors without the use of broker-dealers.  The Company does not expect to pay third parties commissions on sales of the Shares."

(c)   In Realcast's "Confidential Private Placement Memorandum," dated January 8, 2008, Realcast claimed the following in connection with its offering: "The Company's management is seeking to sell the Shares directly to investors without the use of broker-dealers.  The Company does not expect to pay third parties commissions on sales of the Shares."

9.   From in or about 2000 up to and including the date of this Indictment, Realcast utilized Powercom/Empire to solicit investors for Realcast.  In connection with those solicitations, Realcast typically paid Powercom/Empire at least 40% of the amount of money invested by an investor as a commission.  During that same time period, Realcast had minimal revenues generated from the operation of its business.  Moreover, during that time period, ANTHONY GUARINO, WILLIAM DICK, LANCE BARBARINO, GABRIEL ALMANDI, CIRO COZZOLINO, ISAAC DAVIS, SALVATORE GUARINO, PETER SHARPE, JAMIL FULLER, and WILLIAM ROTHLEIN, the defendants, and others known and unknown, solicited investors for Realcast by engaging in deceptive acts, practices, and courses of business;

making false and fraudulent statements and representations of
material facts; and omitting material facts necessary in order to
make the statements made, in the light of the circumstances under
which they were made, not misleading, including, but not limited
to: (a) distributing documents to investors that falsely stated
that no commissions were being paid in connection with the
offerings, or that a commission of 10% was being paid, while
Powercom/Empire was in fact collecting at least 40% of the
investors' investment as commission; (b) making false oral
representations to investors about the nature of Realcast's
business and the potential for their investment; and (c) claiming
to be employees of Realcast to conceal the fact that Realcast was
employing Powercom/Empire to solicit investors.

      10.  Beginning in or about 2009 and continuing up to
and including the date of this Indictment, BBC Gaming has been
offering shares of common stock to raise capital for the
business.  In connection with that issuance, BBC Gaming
distributed an "Offering Memorandum" to potential investors.  In
that document, BBC Gaming represented that "The Common Shares
will be offered primarily by the Officers of the Company, who
will receive no commissions or fees in connection with the
offering." The document also stated that it had allocated 10% of
offering proceeds for "Organization/Offering Expenses".  However,
during that same time period, LEMBERG and others retained

Powercom/Empire to sell BBC Gaming common stock on a 40%
commission, which was not disclosed to investors.

### Statutory Allegation

11.   From in or about 2000 up to and including the
date of this Indictment, in the Southern District of New York and
elsewhere, STEVEN KIMMEL, ANTHONY GUARINO, WILLIAM DICK, LANCE
BARBARINO, GABRIEL ALMANDI, CIRO COZZOLINO, ISAAC DAVIS,
SALVATORE GUARINO, PETER SHARPE, JAMIL FULLER, WILLIAM ROTHLEIN,
CHRISTOPHER SAVINO, and ALEX LEMBERG, the defendants, and others
known and unknown, unlawfully, willfully and knowingly, did
combine, conspire, confederate and agree together and with others
to commit offenses against the United States, to wit, to commit
securities fraud, in violation of Title 15, United States Code,
Sections 78j(b) and 78ff.

12.   It was a part and an object of the conspiracy that
STEVEN KIMMEL, ANTHONY GUARINO, WILLIAM DICK, LANCE BARBARINO,
GABRIEL ALMANDI, CIRO COZZOLINO, ISAAC DAVIS, SALVATORE GUARINO,
PETER SHARPE, JAMIL FULLER, WILLIAM ROTHLEIN, CHRISTOPHER SAVINO,
and ALEX LEMBERG, the defendants, and others known and unknown,
unlawfully, willfully, and knowingly, directly and indirectly, by
the use of the means and instrumentalities of interstate
commerce, and of the mails, and of the facilities of national
securities exchanges, would and did use and employ, in connection
with the purchase and sale of securities, manipulative and

7

deceptive devices and contrivances in violation of Title 17, Code
of Federal Regulations, Section 240.10b-5, by: (a) employing
devices, schemes, and artifices to defraud; (b) making untrue
statements of material facts and omitting to state material facts
necessary in order to make the statements made, in the light of
the circumstances under which they were made, not misleading; and
(c) engaging in acts, practices, and courses of business which
operated and would operate as a fraud and deceit upon a person;
all in violation of Title 15, United States Code, Sections 78j(b)
and 78ff.

## OVERT ACTS

13.   In furtherance of the conspiracy and to effect the
illegal object thereof, the following overt acts, among others,
were committed in the Southern District of New York and
elsewhere:

a.   From in or about 2000 up to an including the date
of this Indictment, STEVEN KIMMEL, the defendant, participated in
the preparation and issuance of various offering memoranda for
Realcast, which contained material misrepresentations and
omissions.

b.   In or about approximately 2002, a victim invested
$50,000 in a company operated by CHRISTOPHER SAVINO, the
defendant.   The investment was made through CIRO COZZOLINO, the

defendant, and Powercom/Empire.   The victim subsequently lost his/her entire investment.

c.   In or about approximately 2007 or 2008, JAMIL FULLER, the defendant, stole $50,000 that was supposed to have been invested in a company through Powercom/Empire.

d.   On or about December 2, 2009, ALEX LEMBERG, the defendant, met with ANTHONY GUARINO, the defendant, in Manhattan to discuss the sale of BBC Gaming shares to investors.

e.   On or about December 9, 2009, LANCE BARBARINO, the defendant, stated to a co-conspirator not named as a defendant herein ("CC-1") that BARBARINO's "mother will come out of the grave" before Realcast is a successful company.  Then, on or about February 8, 2010, BARBARINO told a potential investor that Realcast could be bought out in near future and that BARBARINO was "comfortable" telling the potential investor that their shares would soon sell for $8 or $10 a share on the low end, and $15 to $18 on the high end.

f.   On or about February 11, 2010, WILLIAM ROTHLEIN, the defendant, discussed with a co-conspirator not named as a defendant herein ("CC-2") that ROTHLEIN had been unable to "close" on a wealthy individual he recently had been soliciting and that he now intended to "fleece" the investor.

g.   On or about February 11, 2010, ISAAC DAVIS, the defendant, represented to a potential investor that the

investor's investment in BBC Gaming would yield returns of "five to one" in "about three years" and that BBC Gaming was about to be bought out by another company.

h.   In or about March 2010, WILLIAM DICK, the defendant, advised a potential investor that Realcast was about to be purchased by another company.

i.   On or about March 12, 2010, ANTHONY GUARINO and PETER SHARPE, the defendants, discussed with CC-2 the fact that various investor leads they had received were unusable because the investors lived in the New York City area.  The leads were unusable because the investors lived nearby and might be able to personally check up on the operations of Powercom/Empire.

j.   On or about March 12, 2010, ANTHONY GUARINO, the defendant, explained to CC-2 that GUARINO instructed KIMMEL to pay a 50% commission to GUARINO on a recent $700,000 investment made by a victim.

k.   On or about April 12, 2010, CIRO COZZOLINO, the defendant, told a potential Realcast investor that Realcast may soon be purchased by another company for $10 a share and that the commission that COZZOLINO received for selling Realcast shares was a small amount of Realcast stock.

l.   In or about March and April 2010, GABRIEL ALMANDI and SALVATORE GUARINO, the defendants, solicited investments from

various potential investors over the telephone from the
Manhattan-based office of Powercom/Empire.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Securities Fraud)

The Grand Jury further charges:

14.   The allegations contained in paragraphs 1 through
13 of this Indictment are repeated and realleged as if fully set
forth herein.

15.   From at least in or about 2000 up to and including
in or about the date of this Indictment, in the Southern District
of New York and elsewhere, STEVEN KIMMEL, ANTHONY GUARINO,
WILLIAM DICK, LANCE BARBARINO, GABRIEL ALMANDI, CIRO COZZOLINO,
ISAAC DAVIS, SALVATORE GUARINO, PETER SHARPE, JAMIL FULLER,
WILLIAM ROTHLEIN, CHRISTOPHER SAVINO, and ALEX LEMBERG, the
defendants, unlawfully, willfully and knowingly, directly and
indirectly, by the use of the means and instrumentalities of
interstate commerce, and of the mails, and of the facilities of
national securities exchanges, did use and employ, in connection
with the purchase and sale of securities, manipulative and
deceptive devices and contrivances in violation of Title 17, Code
of Federal Regulations, Section 240.10b-5, by (a) employing
devices, schemes, and artifices to defraud; (b) making untrue
statements of material facts and omitting to state material facts
necessary in order to make the statements made, in the light of

the circumstances under which they were made, not misleading, and
(c) engaging in acts, practices, and courses of business which
operated and would operate as a fraud and deceit upon persons, to
wit, in order to solicit investors for Realcast, BBC Gaming, and
other companies, STEVEN KIMMEL, ANTHONY GUARINO, WILLIAM DICK,
LANCE BARBARINO, GABRIEL ALMANDI, CIRO COZZOLINO, ISAAC DAVIS,
SALVATORE GUARINO, PETER SHARPE, JAMIL FULLER, WILLIAM ROTHLEIN,
CHRISTOPHER SAVINO, and ALEX LEMBERG made false representations
relating to, among other things, the performance of Realcast and
other companies, the amount of commissions being collected, and
the value of the investment in Realcast and other companies.

> (Title 15, United States Code, Sections 78j(b) & 78ff;
> Title 17, Code of Federal Regulations, Section
> 240.10b-5,and Title 18, United States Code, Section 2)

### COUNT THREE
**(Conspiracy to Commit Wire and Mail Fraud)**

The Grand Jury further charges;

16.   The allegations contained in paragraphs 1 through
13 of this Indictment are repeated and realleged as if fully set
forth herein.

17.   From in or about 2000 up to and including in or
about the date of this Indictment, in the Southern District of
New York and elsewhere, STEVEN KIMMEL, ANTHONY GUARINO, WILLIAM
DICK, LANCE BARBARINO, GABRIEL ALMANDI, CIRO COZZOLINO, ISAAC
DAVIS, SALVATORE GUARINO, PETER SHARPE, JAMIL FULLER, WILLIAM
ROTHLEIN, CHRISTOPHER SAVINO, and ALEX LEMBERG, the defendants,

and others known and unknown, unlawfully, willfully and knowingly, did combine, conspire, confederate and agree together and with others to commit offenses against the United States, to wit, to commit: (a) wire fraud, in violation of Title 18, United States Code, Section 1343; and (b) mail fraud, in violation of Title 18, United States Code, Section 1341.

18.   It was a part and an object of the conspiracy that STEVEN KIMMEL, ANTHONY GUARINO, WILLIAM DICK, LANCE BARBARINO, GABRIEL ALMANDI, CIRO COZZOLINO, ISAAC DAVIS, SALVATORE GUARINO, PETER SHARPE, JAMIL FULLER, WILLIAM ROTHLEIN, CHRISTOPHER SAVINO, and ALEX LEMBERG, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

19.   It was further a part and an object of the conspiracy that STEVEN KIMMEL, ANTHONY GUARINO, WILLIAM DICK, LANCE BARBARINO, GABRIEL ALMANDI, CIRO COZZOLINO, ISAAC DAVIS, SALVATORE GUARINO, PETER SHARPE, JAMIL FULLER, WILLIAM ROTHLEIN,

13

CHRISTOPHER SAVINO, and ALEX LEMBERG, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting so to do, would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carrier, and would and did take and receive therefrom, such matters and things, and would and did knowingly cause to be delivered by mail or such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

(Title 18, United States Code, Section 1349.)

## COUNT FOUR
### (Wire Fraud)

The Grand Jury further charges:

20.   The allegations contained in paragraphs 1 through 13 of this Indictment are repeated and realleged as if fully set forth herein.

14

21.   From at least in or about 2000 up to and including in or about the date of this Indictment, in the Southern District of New York and elsewhere, STEVEN KIMMEL, ANTHONY GUARINO, WILLIAM DICK, LANCE BARBARINO, GABRIEL ALMANDI, CIRO COZZOLINO, ISAAC DAVIS, SALVATORE GUARINO, PETER SHARPE, JAMIL FULLER, WILLIAM ROTHLEIN, CHRISTOPHER SAVINO, and ALEX LEMBERG, the defendants, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, from in or about 2000 up to and including the date of this Indictment, for the purpose of executing such scheme and artifice, to wit, STEVEN KIMMEL, ANTHONY GUARINO, WILLIAM DICK, LANCE BARBARINO, GABRIEL ALMANDI, CIRO COZZOLINO, ISAAC DAVIS, SALVATORE GUARINO, PETER SHARPE, JAMIL FULLER, WILLIAM ROTHLEIN, CHRISTOPHER SAVINO, and ALEX LEMBERG and others, made, or caused to be made, numerous phone calls from the Powercom/Empire office in Manhattan to victims across the United States in which false representations were made relating to, among other things, the performance of Realcast and other companies, the amount of commissions being collected, and the value of the investment in Realcast and other companies.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION

22.   As the result of committing the securities fraud and wire fraud offenses, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Sections 1343, 1349 and 2, as alleged in Counts One through Four of this Indictment, STEVEN KIMMEL, ANTHONY GUARINO, WILLIAM DICK, LANCE BARBARINO, GABRIEL ALMANDI, CIRO COZZOLINO, ISAAC DAVIS, SALVATORE GUARINO, PETER SHARPE, JAMIL FULLER, WILLIAM ROTHLEIN, CHRISTOPHER SAVINO, and ALEX LEMBERG, the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four of this Indictment.

## Substitute Asset Provision

23.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

16

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1343, Title 28, United States Code, Section 2461, Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5).

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

STEVEN KIMMEL,
ANTHONY GUARINO,
WILLIAM DICK,
LANCE BARBARINO,
GABRIEL ALMANDI,
CIRO COZZOLINO,
ISAAC DAVIS,
SALVATORE GUARINO,
PETER SHARPE,
JAMIL FULLER,
WILLIAM ROTHLEIN,
CHRISTOPHER SAVINO, and
ALEX LEMBERG,

Defendants.

<u>INDICTMENT</u>

10 Cr.

(18 U.S.C. § 371, 1343, 1349 & 2;
15 U.S.C. 78j(b) & 78ff)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.